

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2277

———

UNITED STATES OF AMERICA

v.

ANTHONY BERNARDLY JONES,
a/k/a TONY JONES

Anthony B. Jones,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00778)
District Judge: Honorable Ronald L. Buckwalter

———

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2005

Before: SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 14, 2005)

———

OPINION

SLOVITER, Circuit Judge.

Anthony Bernardly Jones, who was convicted following a jury trial of bank robbery in violation of 18 U.S.C. § 2113 and of use of a firearm during this robbery in violation of 18 U.S.C. § 924(c), appeals from the judgment of sentence.[1]

## I.

Because the parties are familiar with the factual and procedural background of this case, we refer only to those facts that are pertinent to our disposition. The District Court sentenced Jones to a term of one-hundred months imprisonment on the § 2113 bank robbery charge and a consecutive sentence of eighty-four months on the § 924(c) firearm charge.[2]

In determining Jones' sentence for the bank robbery conviction, the District Court used the 2003 edition of the United States Sentencing Guidelines.[3] In so doing, the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction pursuant to 28 U.S.C. § 1291.

[2] The District Court further imposed a five-year term of supervised release, as well as restitution and a special assessment.

[3] Under that edition of the Sentencing Guidelines, "the guideline sentence [for a § 924(c) conviction] is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b) (2003). Therefore, the District Court did not use the Guidelines in ascertaining Jones' sentence for the firearm conviction. Rather, because it found that Jones had "brandished" the weapon, the District Court imposed the statutory mandatory minimum sentence of eighty-four months as per 18 U.S.C. § 924(c)(1)(A)(ii). See generally Harris v. United States, 536 U.S. 545 (2002).

2

District Court added two points to Jones' offense level on the basis of its finding that Jones, who had testified in his own defense at trial, had lied under oath and thus obstructed justice. See U.S.S.G. § 3C1.1 (2003). The District Court further added two points to Jones' offense level because Jones had robbed a "financial institution," see U.S.S.G. § 2B3.1(b)(1) (2003), and one additional point because the loss amount exceeded $10,000, see U.S.S.G. § 2B3.1(b)(7)(B) (2003).

Jones thereafter appealed. Jones does not challenge his conviction in any respect. Instead, relying on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Jones argues that the District Court improperly enhanced his "maximum allowable sentence under the federal sentencing guidelines on the basis of facts not found by the jury beyond a reasonable doubt" and thereby violated his rights under the Sixth Amendment to the United States Constitution. Appellant's Br. at 3.

**II.**

After Jones filed his appellate brief, the Supreme Court issued its opinions in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). As this court discussed in more detail in United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), the Supreme Court in Booker held that "the Sixth Amendment as construed in Blakely does apply to the [United States] Sentencing Guidelines." Booker, 543 U.S. at ___, 125 S. Ct. at 746 (Stevens, J.). Booker was decided by two opinions of the Court. In the first opinion, authored by Justice Stevens for a majority of five, the Court reaffirmed the constitutional

3

holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," and extended that rule to the United States Sentencing Guidelines. Booker, 543 U.S. at ___, 125 S. Ct. at 756 (Stevens, J.). The second opinion, authored by Justice Breyer for a majority of five, focused on the remedy. The Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 that made the Guidelines mandatory, was incompatible with the Court's constitutional ruling; thus, the Court severed and excised § 3553(b)(1). Booker, 543 U.S. at ___, 125 S. Ct. at 764 (Breyer, J.). Similarly, 18 U.S.C. § 3742(e), "the provision that set[ ] forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range," was also severed and excised because it contained critical cross-references to the section that made the Guidelines mandatory. 543 U.S. at ___, 125 S. Ct. at 764 (Breyer, J.). The net result was to delete the mandatory nature of the Guidelines and transform them into advisory guidelines.

The sentencing issues Jones has raised with this court have been essentially subsumed by the Booker holdings. Furthermore, this court has previously held that post-Booker sentencing issues raised on direct appeal are best determined by the district courts in the first instance. See United States v. Davis, 397 F.3d 173, 183 (3d Cir. 2005) ("In light of the determination of the judges of this court that the sentencing issues appellants

4

raise are best determined by the District Court in the first instance, we vacate the sentences and remand for resentencing in accordance with Booker."), reh'g denied, 407 F.3d 162 (3d Cir. 2005) (en banc); see also United States v. Ordaz, 398 F.3d 236, 239 (3d Cir. 2005). In accordance with this precedent, we will reverse Jones' judgment in a criminal case insofar as it pertains to his sentence and will remand to the District Court for resentencing in accordance with Booker.

## III.

For the reasons stated above, we will affirm Jones' conviction, vacate his sentence, and remand for resentencing.