

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jones" (2007). *2007 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5041
_____

UNITED STATES OF AMERICA

vs.

ANTHONY BERNARDLY JONES
also known as
TONY JONES

Anthony B. Jones,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 02-CR-00778 )
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007
Before:  SLOVITER, WEIS and ROTH, Circuit Judges.
(Filed   July 19, 2007)
_____

OPINION
_____

WEIS, Circuit Judge.

        A jury convicted defendant of one count of armed bank robbery in violation

1

of 18 U.S.C. § 2113(d) and one count of carrying a firearm in violation of 18 U.S.C. § 924(c). He was sentenced under the Guidelines to 100 months incarceration under the first count, and a consecutive mandatory 84-month sentence for the firearms violation. A period of supervised release and an order of restitution were also imposed.

On direct appeal, we vacated the sentence and remanded for re-consideration in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Jones, 149 Fed. Appx. 67 (3d Cir. 2005).

At the resentencing hearing, defense counsel said, "I would ask Your Honor . . . to allow the sentence to remain as imposed by this Court. This Court, at the time of original sentence, took into consideration a number of factors which reduced drastically the . . . original Criminal History Category of my client, as well as the offense level . . .." The Assistant U.S. Attorney stated that "we'd recommend the Court impose the same sentence."

After adhering to its original Guidelines calculation, the trial court, recognizing that the Guidelines were advisory rather than mandatory post-Booker, proceeded to evaluate the statutory factors set out in 18 U.S.C. § 3553(a). After a thorough review of the appropriate considerations in this case, the district judge said, "nothing's changed my mind about that being a reasonable sentence, and I'm therefore going to impose the sentence as I did before . . .. And I think it's a fair and reasonable sentence."

In this appeal, defendant contends that the District Court gave undue weight to the Guidelines and thus imposed a sentence that was greater than necessary. He also argues that the only § 3553(a) sentencing factor the District Court considered was deterrence.

We have reviewed the record with care and conclude that the district judge properly evaluated the appropriate statutory elements to arrive at a sentence that is a reasonable one.

The District Court followed the process required by this Court after Booker by calculating the Guidelines range, recognizing it as advisory, and then exercising its discretion on the record by taking into consideration the relevant § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). In doing so, the district judge provided a detailed list of "adequate reasons." United States v. King, 454 F.3d 187, 197 (3d Cir. 2006); see also United States v. Charles, 467 F.3d 828, 833 (3d Cir. 2006) (holding that district courts do not assume the burden of showing why a lower sentence was insufficient). Finally, the record does not support the defendant's contention that the District Court refused to consider any § 3553(a) factor other than deterrence. Rather, the district judge thoroughly considered all of the § 3553(a) factors at resentencing.

Accordingly, the judgment of the District Court will be affirmed.