**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1899
_____

ANTHONY B. JONES,
                                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-00233)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Jones, a federal prisoner proceeding pro se, appeals the District Court's denial of his 28 U.S.C. § 2241 petition and his subsequent motion for reconsideration. Having carefully examined the record, we will affirm the District Court's judgment.

## I.

In his habeas corpus petition brought under § 2241, Jones challenged the computation of his sentence by the Federal Bureau of Prisons (BOP). Jones contended that he should have received eight-and-a-half years of credit on his 184-month federal sentence for time that the BOP only allotted to unrelated state offenses.[1] In essence, Jones claims that the BOP erred in determining the date he was arrested on federal charges. He contends that court documents reflect that he was arrested first on his federal bank robbery case, and therefore should be credited with the time he subsequently spent in state custody.

A brief chronology is necessary.[2] Jones was arrested October 9, 2002, by the police in Easton, Pennsylvania. At the time, there were two pending state warrants and a pending federal warrant, which was for an August 29, 2002 bank robbery. When police attempted to arrest Jones, he engaged in an additional criminal conduct that resulted in a stand-off. During the incident, Jones was shot; he was eventually taken into custody and transported to the hospital. The events of that day resulted in a state criminal case for which Jones received a sentence of six-and-a-half to 19 years in prison.

---

[1] We affirmed Jones's sentence on direct appeal. United States v. Jones, 240 F. App'x 977 (3d Cir. 2007).

[2] As we write primarily for the parties, we give only a short description of the facts.

After Jones's October 9 arrest and while his various state cases were playing out, the federal government first lodged a detainer against Jones and later issued several writs of habeas corpus ad prosequendum in order to secure his presence in federal court and adjudicate his federal case.[3]  After Jones was sentenced in his federal case, he was returned to state custody, where he remained until March 21, 2011, when he was paroled to the BOP.  During subsequent administrative proceedings, the BOP determined that his federal sentence commenced March 21, 2011.

In his habeas corpus petition, Jones claimed the BOP erred in determining the start of his sentence and, alternatively, sought nunc pro tunc designation for the facility where he served his state sentence.  The District Court[4] denied the petition, determining that Jones was first arrested on state charges and that his state sentence started first.  Jones then filed a motion for reconsideration, relying, in part, on a state court order that amended his arrest date from October 9, 2002, to October 15, 2002, for the case involving Easton police.[5]  The District Court denied the reconsideration motion.  It determined that it did not have to decide which sovereign arrested Jones on October 9 because, as a matter of comity, the state and federal government had settled the matter themselves.  Alternatively, the District Court determined that even if Jones could establish that the federal government initially had primary custody over him, federal

---

[3] In addition to bank robbery, Jones was charged with brandishing a firearm during a crime of violence.

[4] The parties consented to having the case heard and decided by a Magistrate Judge.

[5] See Doc. 19 at 4.

authorities relinquished priority to the state. Jones appeals. He has also filed a motion seeking judicial notice of various facts.

## II.

Jones correctly brought his sentence-computation challenge under 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990). Appellate "[j]urisdiction is proper in this Court under 28 U.S.C. §§ 1291 and 2253."[6] Vega v. United States, 493 F.3d 310, 313–14 (3d Cir. 2007); United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc) (certificate of appealability not required to appeal from denial of section 2241 petition).

_____

[6] Both the District Court and the appellee question whether Jones has standing to raise the primary-custody question. Doc. 37 at 13-14; Br. for the Appellee 27. The Appellee cites Bowman v. Wilson, 672 F.2d 1145 (3d Cir. 1982), in which we observed the "exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty" and the "priority of prosecution" to be "solely [] question[s] of comity between the sovereignties which is not subject to attack by the prisoner." Id. at 1153–54 (citations omitted); accord United States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980). As "[s]tanding represents a jurisdictional requirement which remains open to review at all stages of the litigation," Nat'l Org. for Women v. Scheidler, 510 U.S. 249, 255 (1994), we must therefore determine whether we have the jurisdiction to consider Jones's argument as he presents it (in contrast with its nunc pro tunc and sentence-calculation consequences, over which we undoubtedly have jurisdiction).

While the question is close, we believe that we do have jurisdiction over Jones's claim. In Bowman, we confronted an "unusual" case in which two sovereigns attempted to exercise jurisdictional authority over the petitioner and were in dispute over which had primary authority. See Bowman, 672 F.2d at 1149. That is altogether different from the situation at hand; here, there is no dispute between sovereigns nor any question over primacy of prosecution. Jones does not allege that the sovereigns could not do what they did, but rather that the way in which they treated his case led to the legal consequence of early commencement of his federal sentence—in other words, he does not wish to challenge the explicit exercise of intersovereign comity, but rather intends to raise an issue about the results flowing therefrom.

4

In reviewing the denial of a § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam).[7] To be clearly erroneous, a factual determination must "either (1) [be] completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[] no rational relationship to the supportive evidentiary data." Behrend v. Comcast Corp., 655 F.3d 182, 189 (3d Cir. 2011). Our review is further informed by the "presumption of regularity of the sentence, which the petitioner must overcome." Espinoza v. Sabol, 558 F.3d 83, 89 n.7 (1st Cir. 2009). Habeas corpus "is not a neutral proceeding in which the petitioner and the State stand on an equal footing. Rather, it is an asymmetrical enterprise in which a prisoner seeks to overturn a presumptively valid judgment." Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011) (citing Pinkney v. Keane, 920 F.2d 1090, 1094 (2d Cir. 1990)). We review the denial of a Rule 59(e) motion for abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

## III.

Assuming without deciding that Jones's argument about custody could serve to

---

[7] Jones's timely appeal of the District Court's denial of his reconsideration motion brings up for review the underlying order dismissing his habeas petition. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir.2012). Although the District Court administratively closed the case before deciding the motion, the case was stayed and the motion remained unresolved.

force early commencement of his federal sentence, we agree with the District Court that the Commonwealth of Pennsylvania maintained custody of Jones throughout the relevant proceedings. Jones insists that his October 9, 2002 arrest was for his federal case, but he has not met his burden of providing a "preponderance of the evidence." Skaftouros, 667 F.3d at 158. To the contrary, the record reflects that Jones was in state custody from the time of his October 2002 arrest to his March 2011 parole.[8] In this regard, we note that the federal government lodged a detainer against Jones on October 11, 2002, and then issued several writs of habeas corpus ad prosequendum in order to proceed on his federal case. Shortly after the conclusion of that case, he was returned to state authorities, who, in turn, returned him to federal custody upon parole. We further note that the state awarded him credit for the time he was incarcerated between October 15, 2002, and March 11, 2011. Although none is alone dispositive, these actions reflect what the parties understood: that the state had primary custody over Jones.[9] Similarly, we have

---

[8] We nonetheless note that the BOP awarded Jones six days of precommencement credit for the period of time from October 9, 2002, until October 14, 2002. We do not, however, take this decision by the BOP to establish that Jones was in primary federal custody. Rather, the Commonwealth of Pennsylvania simply did not credit him with this time. See 18 U.S.C. § 3585(b)(2).

[9] In its brief, Appellee argues for the first time that we should affirm the District Court's judgment on the basis that Jones was the subject of a lawful warrantless arrest for his criminal conduct on October 9, rendering moot any technicalities about whether he was originally apprehended based on a state warrant or a federal warrant. We find Appellee's argument persuasive as an alternative basis to affirm. The record clearly supports that Jones's conduct on October 9 provided law enforcement officials with an independent basis to arrest Jones.

In his reply brief, Jones claims he was not arrested until October 15, 2002, for his conduct on October 9. We do not find his argument convincing. In a separate motion

6

little trouble concluding that to the extent Jones was originally arrested on federal charges, he was relinquished to state authorities.

In reviewing the BOP's general calculation of sentence, we also detect no error. The record suggests that each sovereign extensively credited Jones with time he spent in pretrial custody. Moreover, 18 U.S.C. § 3585(b) prohibits double counting of sentence credits. Blood v. Bledsoe, 648 F.3d 203, 209 (3d Cir. 2011) (per curiam).

With regard to the BOP's nunc pro tunc designation, which we review for abuse of discretion, see Barden, 921 F.2d at 483, we are in accord with the District Court. The BOP followed the guidelines we established in Barden. Moreover, the federal sentencing court's judgment was silent on whether the federal sentence was to be consecutive or concurrent, and the default presumption is consecutive sentences, see 18 U.S.C. § 3584(a).

IV.

In sum, as we determine that the District Court did not err—and that it did not abuse its discretion in denying Jones's post-judgment motion—we will affirm its judgment.

---

seeking judicial notice, Jones uses various documents in an attempt to demonstrate that his arrest on federal charges occurred October 9, 2002. We have reviewed the documents Jones has submitted, and, as it appears they were part of the record below, have considered them in rendering our opinion. To that extent, his motion is granted. To the extent he seeks formal judicial notice of documents not subject to judicial notice, his request is denied. See Fed. R. Evid. 201(b).