**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0882n.06
Filed: December 27, 2007

No. 06-6167

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,    )
        )
    **Plaintiff-Appellee,**    )    ON APPEAL FROM THE
        )    UNITED STATES DISTRICT
v.    )    COURT FOR THE MIDDLE
        )    DISTRICT OF TENNESSEE
GEORGE W. BLOOD,    )
        )    **O P I N I O N**
    **Defendant-Appellant.**    )
        )

**Before: MOORE and SUTTON, Circuit Judges, and BUNNING,** * **District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant George William Blood ("Blood") appeals his sentence of a 51-month term in prison. Blood received this sentence after this court previously affirmed his convictions—for two counts of knowingly possessing and affecting commerce with forged securities, in a total amount of approximately $2 million, with the intent to deceive another person or organization in violation of 18 U.S.C. § 513(a) and § 2—but remanded his case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).[1] Because both the Government and Blood have notified this court that Blood has now served the custodial portion of this sentence, we **DISMISS** his appeal as moot.

---

*The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]*United States v. Blood*, 435 F.3d 612 (6th Cir. 2006).

Blood reported to prison in early February 2004 to begin serving the 51-month prison term imposed for his convictions relating to securities fraud. In May 2004, Blood was indicted in Delaware, and in April 2005 the Grand Jury in the District of Delaware returned a superseding indictment charging Blood with twelve counts of various wire and mail fraud offenses. *United States v. Blood*, 232 F. App'x 199, 202 (3d Cir. 2007). In September 2005, a jury convicted Blood on all twelve counts, and in March 2006 Blood received a sentence of 78 months in prison. *Id.* In August 2007, the Third Circuit affirmed Blood's convictions and sentence. *Id.*

In August 2006, when Blood was re-sentenced in the Middle District of Tennessee, the district court stated that the 51-month prison term just imposed "will be concurrent with the sentence that the defendant was sentenced to recently" in the District of Delaware. Joint Appendix ("J.A.") at 299 (Sent. Hr'g Tr. at 41). In response to questions at oral argument, the government and Blood's counsel have ascertained that the United States Bureau of Prisons calculated that Blood would have been entitled to be released from custody on October 15, 2007, if the 51-month prison sentence imposed by the Middle District of Tennessee were the only authority for Blood's incarceration.

In this appeal, Blood challenged only the 51-month prison term imposed by the district court, and because he has completed his prison term, his appeal is moot. Although Blood remains in custody pursuant to the 78-month sentence imposed by the District of Delaware, "[t]his court can grant no meaningful relief regarding [Blood's] custodial service because the sentence [imposed by the Middle District of Tennessee] has already been served." *United States v. Lewis*, 166 F. App'x

2

193, 195 (6th Cir. 2006).  Accordingly, we **DISMISS** Blood's appeal of his 51-month prison term

as moot.