PS3-063                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2195
_____

JAMAAL TURNQUEST,
Appellant

v.

WARDEN ALLENWOOD LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-01654)
District Judge:  A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2016 )
_____

OPINION*
_____

PER CURIAM

    Jamaal Turnquest, a federal prisoner, appeals from the District Court's order

denying his 28 U.S.C. § 2241 petition alleging that the Bureau of Prisons ("BOP") erred

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

in calculating the date on which his federal sentence commenced. For the reasons given, we will affirm.

Turnquest was a conspirator in a wide-ranging conspiracy to distribute cocaine. He was ultimately convicted of two drug-related offenses in Maryland. In 2007, the Circuit Court for Cecil County, Maryland, sentenced him to eight years in prison for possession with intent to distribute cocaine to be served after a 15-month prison term for an earlier drug-conviction.

In January 2008, the United States District Court for the Eastern District of Pennsylvania issued a writ of habeas corpus ad prosequendum for Turnquest, as he also faced federal charges stemming from his role in the conspiracy. Turnquest was found guilty of conspiring to distribute five kilograms or more of crack cocaine and 50 grams or more of crack cocaine, and he was sentenced on August 10, 2010. At sentencing, the parties informed the sentencing court that Turnquest had suffered convictions in Maryland, and that he was in state custody before being transferred to federal court for trial. The sentencing court sentenced him to 264 months in prison,[1] and it noted that it had departed downward from the guidelines recommendation to account for the two years he spent in state custody—from his arrest in 2006 until he was transferred to federal custody in 2008. The record from the sentencing hearing indicates that the parties and

---

constitute binding precedent.

[1] The sentence also included five years of supervised release, a fine, and a special assessment.

2

the sentencing court believed that Turnquest had been paroled from his state prison terms.[2]  The sentencing court was silent as to whether Turnquest's federal sentence was to run concurrently or consecutively with his state-court sentences.

Turnquest was later returned to state custody and served the remainder of his state court sentence.  At the conclusion of that sentence, on November 7, 2011, he was transferred to federal custody.  The BOP determined that his 264-month federal sentence commenced on that date.  The BOP also credited him for 15 days that he spent in state custody but was not awarded on his state sentence.  Believing that the sentencing court intended to give him credit for all of the time he spent in state custody, Turnquest wrote the sentencing court, requesting that it order the BOP to credit him time from January 2008, when he was transferred to federal custody, to November 7, 2011, when he finished serving his state sentence.  The sentencing court denied this request, noting that its original sentence varied downward to account for Turnquest's for the two years spent in state custody before his sentencing hearing and that he was not entitled to any additional credit.

---

[2] Turnquest alleges that the State granted him parole in abstentia in 2009.  At sentencing, his attorney informed the court that he was "essentially paroled" from the state court convictions.  He further alleges, however, that the State later reversed its parole grant as improvident, and that he was returned to Maryland's custody until November 7, 2011. The crux of his claim here is that, had the sentencing court been aware that he was still serving state prison sentences, it would have ordered the federal sentence to run concurrently with those prison terms.

Turnquest then filed a petition for habeas corpus relief in the United States District Court for the Middle District of Pennsylvania, the jurisdiction where is he confined, seeking credit toward his federal sentence for time served in state custody. In his traverse to the government's response, Turnquest clarified that he sought credit on his federal sentence from January 2008 to November 7, 2011. The District Court determined that, because Turnquest was in Maryland's primary custody when he was sentenced on the federal convictions, the sentencing court had the authority to determine whether his federal sentence would run concurrently or consecutively to his state sentence. Furthermore, because the sentencing court was silent on that point, the sentences were, by statute, see 18 U.S.C. § 3584(a), to run consecutively. Hence, the BOP correctly determined that Turnquest's federal sentence did not begin until November 7, 2011, the date he completed his state sentence. In addition, the District Court determined that the BOP correctly awarded Turnquest 15 days for time served on his state sentence because he had not previously been awarded credit for those days.[3]

The District Court had jurisdiction over Turnquest's habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of his habeas petition de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

---

[3] Turnquest does not challenge that determination on appeal, and we will not address it

4

The only issue presented in this appeal is whether the District Court erred in denying Turnquest's § 2241 petition, which challenged only the BOP's calculation of his federal prison sentence.[4]  We agree with the District Court that Turnquest has not shown that the BOP erred in that calculation.

The Attorney General, who acts through the BOP, has the authority to calculate a federal sentence and provide credit for time served.  United States v. Wilson, 503 U.S. 329, 333-35 (1992).  In calculating a sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward that sentence.  See 18 U.S.C. § 3585.  Based on the information before it, the BOP correctly determined that Turnquest's federal sentence began on November 7, 2011.  Because the sentencing court did not order the federal sentence to run concurrently with Turnquest's previously imposed state sentences, the BOP was required to treat his federal sentence as running consecutively to his state sentences.  See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Elwell v. Fisher, 716 F.3d 477, 482 (8th Cir. 2013) (noting that the plain language of § 3584(a) requires state and

here.

[4] To the extent that Turnquest sought to challenge the legality of his sentence—by arguing that the sentencing court could not, under the United States Sentencing Guidelines § 5G1.3, impose a consecutive sentence—he could not raise that claim in his § 2241 petition, and the District Court would have lack jurisdiction to decide it.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (recognizing that 28 U.S.C. § 2255, not § 2241, is the proper means for a federal prisoner to challenge the legality of their

5

federal sentences imposed at different times to run consecutive, unless the court orders the terms to run concurrently).[5] Furthermore, there is no dispute that Turnquest was released to federal authorities on November 7, 2011. Accordingly, the BOP correctly determined that his federal sentence commenced on that date. 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); see also Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011) (noting that, pursuant to § 3585(a), a sentence commences on the date the defendant is received in custody).

Moreover, as the District Court concluded, the BOP was justified in not awarding credit toward Turnquest's federal sentence for the time he served in state custody before November 7, 2011. Section 3585(b) prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. See Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."). Accordingly, because Turnquest received credit toward his state sentence for his time spent in custody, he was not also entitled to credit

confinement).

[5] We do not consider Turnquest's argument, raised for the first time on appeal, that the sentencing court was unaware that he would be returned to state custody, and, had it known, it would have ordered the terms to be served concurrently as suggested by the United States Sentencing Guidelines § 5G1.3. This contention does not bear on the only issue here: Whether the BOP correctly calculated Turnquest's federal sentence based on the information before it.

from BOP for that time.[6]

For these reasons, we will affirm the judgment of the District Court.[7]

---

[6] As discussed above, Turnquest alleges that the State granted him parole in 2009, while he was in federal custody, but later reversed that decision and returned him to state prison until November 7, 2011. Turnquest does not claim a resulting gap in credit, nor does he allege that the State refused to credit that time toward his state sentence. Because he received credit for that period toward his state sentence, the BOP did not err in declining to provide him with double credit. § 3585(b).

[7] Turnquest's two motions to supplement the record are denied. We note that the motions contained argument directed at the merits. We considered that argument in reaching this decision. Our opinion and judgment is without prejudice to Turnquest seeking relief under 18 U.S.C. § 3621(b) from the sentencing judge.