**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3583
_____

ANDREW FIELDS, III,
Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU (of) PRISONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01169)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: May 17, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Andrew Fields appeals the District Court's order denying his petition under 28 U.S.C. § 2241. For the reasons detailed below, we will affirm the District Court's judgment.

Fields was convicted in the United States District Court for the Western District of Kentucky of possession with intent to distribute cocaine base (count 1), possession of a firearm by a convicted felon (count 2), and possession of a firearm in furtherance of a drug-trafficking crime (count 3). See W.D. Ky. Cr. No. 11-cr-0045. The District Court initially sentenced Fields to concurrent terms of 110 months' imprisonment on the first two counts and a consecutive term of 300 months on the third count, for a total term of 410 months' imprisonment. ECF No. 54. The 300-month sentence on count 3 was a mandatory minimum. See 18 U.S.C. § 924(c)(1)(C)(i). The Western District of Kentucky subsequently reduced Fields's sentences on counts 1 and 2 to concurrent 92-month terms, see 18 U.S.C. § 3582(c)(2), but did not change the 300-month sentence on count 3, and Fields's sentence was therefore reduced to a total term of 392 months' imprisonment. ECF No. 87.

Fields then filed a § 2241 petition in the Western District of Kentucky, arguing that the District Court had reduced his total term of imprisonment to 92 months but that the Federal Bureau of Prisons (BOP) had not accounted for that reduction in its calculation of his sentence. The Western District of Kentucky transferred the petition to the venue of Fields's confinement, the Middle District of Pennsylvania. See M.D. Pa.

2

Civ. A. No. 18-cv-1169. The District Court denied the petition, and Fields filed a timely notice of appeal.[1]

Because Fields alleged that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," it was appropriate for him to proceed under § 2241. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012); see also Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam). However, Fields is mistaken about the extent of his sentence reduction. The Western District of Kentucky's order plainly states that his aggregate sentence is 392 months, not 92 months. While it does appear that the Western District of Kentucky's docket entry reflecting this order cuts off in a way that could be read to support Fields's argument, it is the Court's order, not the Clerk's docket text, that is controlling. See generally Savoie v. Merchants Bank, 166 F.3d 456, 464 (2d Cir. 1999); O'Brien v. Harrington, 233 F.2d 17, 20 (D.C. Cir. 1956) (per curiam). Nor are we persuaded that the Magistrate Judge somehow reduced Fields's sentence in a stray reference in a subsequent report and recommendation that concluded that the District Court should deny Fields's § 2255 motion. Fields therefore has not shown that the BOP has erred in calculating his sentence.

Accordingly, we will affirm the District Court's judgment.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam). Because Fields is a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).