**ALD-223**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3952
_____

VAUGHN J. CURTIS,
                              Appellant

v.

BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00099)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2020

Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 12, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Vaughn Curtis appeals the District Court's order denying his petition under 28 U.S.C. § 2241. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In his § 2241 petition, Curtis challenged the calculation of his sentence by the Bureau of Prisons (BOP). Three sentences are relevant to his argument: in June 1993, he was sentenced in the United States District Court for the Eastern District of North Carolina to 297 months' imprisonment; in July 1993, he was sentenced in the United States District Court for the Middle District of North Carolina to 101 months' imprisonment; and in November 1993, he was sentenced to 40 years' imprisonment in North Carolina state court. Because neither District Court ordered the sentence to run concurrently, the terms ran consecutively, see 18 U.S.C. § 3584(a), to create an aggregate term of 398 months' imprisonment. The state court provided that its sentence would run concurrently with the federal sentences.

In 1996, Curtis asked the BOP to designate the state prison in which he was then incarcerated as the place in which he would serve his federal sentences. This designation would, in effect, cause Curtis's state sentence to run concurrently with the federal sentences. See 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 480 (3d Cir. 1990). The BOP consulted with the District Judges, who had no objections to the federal sentences' running concurrently with the state sentence, and the BOP granted Curtis's request.

Curtis then filed his § 2241 petition. He argued that the federal sentences should run concurrently not only with the state sentence but also with each other. A Magistrate Judge recommended that the District Court deny the petition, and the District Court approved and adopted the report and recommendation. Curtis filed a timely notice of appeal, and the Government has filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291.[1] We "exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).[2] We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. Section 3584(a) specifically provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The District Courts did not order—either at the time of sentencing or upon being consulted by the BOP—the

---

[1] Curtis argues that the District Court's judgment is not final because the Court rejected his objections to the Magistrate Judge's report and recommendation in an order rather than issuing an opinion. We disagree. The District Court's order stated that it had reviewed Curtis's objections de novo, and Curtis has provided no grounds for us to doubt that statement. See Claude v. Peikes, 534 F.3d 801, 801 (2d Cir. 2008) (per curiam); Pinkston v. Madry, 440 F.3d 879, 894 (7th Cir. 2006). Even more to the point, the District Court's order denying the § 2241 petition is final since it served to "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476 (3rd Cir. 2006) (quoting Quakenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996)).

[2] Curtis does not need a certificate of appealability to proceed with this appeal. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

federal sentences to run concurrently, and thus the BOP has properly treated them as running consecutively. Curtis cites 18 U.S.C. § 3585(a), but that subsection, which governs the commencement of a federal sentence, does not require that his federal sentences run concurrently. Thus, the BOP has properly concluded that Curtis's federal sentences continue to run consecutively and that he is subject to an aggregate federal sentence of 398 months. See generally Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011) ("When a prisoner is serving multiple sentences, the BOP must combine those sentences to form a single aggregate term." (citing 18 U.S.C. § 3584(c)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.