**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3082
_____

MICHAEL STEVEN GORBEY,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-01150)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael S. Owl Feather-Gorbey, proceeding pro se, appeals from the District Court's order denying his petition pursuant to 28 U.S.C. § 2241.  For the reasons discussed below, we will affirm the judgment of the District Court.

I.

On August 5, 2019, Gorbey received an incident report, No. 3287668, charging him with fighting with another person in violation of Code 201.  Gorbey appeared for a hearing before the Discipline Hearing Office ("DHO") on August 23, 2019.  After considering the evidence presented, the DHO found that the evidence supported a finding that Gorbey committed the prohibited act of fighting with another person.  The DHO imposed the following sanctions:  27 days' loss of good conduct time, 10 days of disciplinary segregation, and loss of commissary and email privileges for 120 days.

In July 2020, Gorbey filed his petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, arguing that his due process rights were violated during the disciplinary proceedings.  The District Court denied Gorbey's petition and Gorbey filed a timely notice of appeal to this Court.  After he appealed, Gorbey filed a motion for reconsideration, which the District Court denied.  He subsequently filed a timely amended notice of appeal.[1]

---

[1] In February 2022, Appellee moved, in this Court, to summarily affirm the District Court's judgment.  On August 4, 2022, this Court denied the motion.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of Gorbey's habeas petition de novo. Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam); see also Queen v. Miner, 530 F.3d 253, 255 n.2 (3d Cir. 2008) (per curiam) (explaining that a federal prisoner's challenge "to a disciplinary action that resulted in the loss of good-time credits[] is properly brought pursuant to § 2241"). Because Gorbey is a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). We review the denial of Gorbey's motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

## III.

A disciplinary hearing that may result in the loss of good time credit must provide certain due process safeguards to a prisoner, including: (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, (3) an opportunity to receive assistance from an inmate representative, in some circumstances, and (4) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563–71 (1974). Further, the decision must be supported by "some evidence" in the record.

3

<u>Superintendent v. Hill</u>, 472 U.S. 445, 455–56 (1985).  This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  <u>Id.</u>

We agree with the District Court's conclusions.  Gorbey received due process in accordance with <u>Wolff</u> because he was provided written notice several days in advance of his DHO hearing, the opportunity to present witnesses and other evidence, the opportunity to have representation, and written reports containing the reasons for the decision.  Gorbey's argument that the reporting officer was improperly also the investigating lieutenant, in violation of BOP policy, is contradicted by the evidence, <u>see</u> Dkt No. 13-1, at 5–6 (the incident report indicates that the reporting officer was Duerr and the investigating officer was Hagelin), and does not violate his due process rights under <u>Wolff</u>.

The DHO's decision meets the due process requirement of being supported by "some evidence" in the record under <u>Hill</u>.  The DHO considered the officer's incident report, Gorbey's written statement, video footage, the report of the investigating officer, Gorbey's contention that the report was incorrect, witness statements, staff memoranda, clinical encounters, and photographs.  <u>See</u> Dkt No. 13-1, at 13–16.  Gorbey argued, and argues on appeal, that he was acting in self-defense.  In spite of his argument, we agree

4

with the District Court's conclusion that the evidence was sufficient to support the DHO's decisions. See Denny v. Schulz, 708 F.3d 140, 145 (3d Cir. 2013) (explaining that a reviewing court "need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause") (citing Hill, 472 U.S. at 456)). Specifically, the DHO noted that Gorbey admitted that he initially pushed the other inmate and that the video showed Gorbey putting on gloves before entering his cell "presumably to lessen the chance of injury during the physical altercation." Dkt No. 13, at 10; see also Dkt No. 13-1, at 15. The DHO concluded that the greater weight of the evidence supported a finding that Gorbey committed the act of fighting. For these reasons, the DHO's conclusion was supported by some evidence.

Gorbey claims that the sanctions imposed by the DHO were impermissible under 28 C.F.R. § 541.[2] We agree with the District Court's conclusion that the sanctions imposed were permissible. The DHO sanctioned Gorbey with a disallowance of 27 days of good conduct time. A sanction of 27 days is within the penalty range for 200-level offenses, applicable to Gorbey's offense. See 28 C.F.R. § 541.3, 541.4(b)(2).[3]

---

[2] In the District Court, Gorbey additionally claimed that the sanctions imposed by the DHO were impermissible because he is a D.C. inmate. However, because Gorbey did not include this argument in his opening brief, it is forfeited on appeal. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[3] In the District Court and on appeal, Gorbey specifically argues that the 27-day sanction, when added to his prior sanction of 41 days, results in a yearly loss of more than 54 days, which he argues is the maximum amount that can be taken. This legal argument, however, contradicts the factual record. The "Sentence Monitoring Good

IV.

Finally, we agree with the District Court's decision to deny Gorbey's motion for reconsideration. A motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation marks omitted). The District Court correctly concluded that Gorbey failed to present any errors of law or fact, or introduce newly discovered evidence or precedent. Gorbey, rather, improperly attempted to relitigate issues that the District Court had already considered. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

V.

For the foregoing reasons, we will affirm the District Court's judgment and order.

---

Time Data" report, which Gorbey attached to his petition, demonstrates that he lost only 54 days in total. See Dkt No. 2, at 6.