CLD-117                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3197
_____

DEAN VIPRINO,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:21-cv-02014)
District Judge:  Honorable Christopher C. Conner
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 30, 2023
Before:  GREENAWAY, Jr., MATEY, and FREEMAN, Circuit Judges

(Opinion filed: June 9, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Dean Viprino is a federal inmate serving a term of imprisonment (the federal sentence) following his plea of guilty in the United States District Court for the District of Massachusetts to one count of violating 21 U.S.C. § 846. The federal sentence was ordered to run concurrent with state sentences Viprino was then serving, pursuant to separate convictions. The federal sentence is currently set to expire on April 10, 2024.

Viprino initiated this pro se habeas proceeding, under 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. Viprino at the time was incarcerated at USP-Lewisburg in Pennsylvania, so his habeas petition named that institution's warden (the Government) as the respondent. See 28 U.S.C. § 2242.

In his petition, Viprino demanded earlier release based on his detention in state- and county-run facilities between February 1, 2018 and March 5, 2019, when the federal sentence was imposed. The Government responded that Viprino had already been given credit, towards his *state* sentence, for the custody in question. Double credit, it noted, was proscribed by 18 U.S.C. § 3585(b).

The District Court denied Viprino's petition without holding an evidentiary hearing. In addition to relying on § 3585(b), the District Court observed that Viprino's request for credit was inconsistent with "the sentencing court's statement that Viprino's sentence was 'to begin immediately and run concurrently with the *remainder*' of his state court sentences." DC Op. at 7 (citation omitted). The District Court declined to consider

2

Viprino's alternative argument that his § 846 conviction should be vacated, based on a purported plea defect, because "[c]laims seeking to rescind a guilty plea are properly brought through motions pursuant to [28 U.S.C. § 2255] rather than Section 2241 habeas corpus petitions." Id. Finally, the District Court rejected on exhaustion grounds Viprino's argument that he is entitled to sentencing credit under the First Step Act of 2018.

Viprino appealed.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).[2] Our review is plenary. See Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019).

Before any briefs were due, the Government moved for summary affirmance. That motion is granted because Viprino's habeas petition inarguably was properly denied, for substantially the reasons given in the District Court's memorandum opinion. See 18 U.S.C. § 3585(b) (detailing scenarios in which "[a] defendant shall be given credit toward the service of a term of imprisonment" for prior custody, each conditioned on the fact that the prior custody "has not been credited against another sentence"); see also Blood v. Bledsoe, 648 F.3d 203, 209 (3d Cir. 2011) (per curiam) (recognizing that "§ 3585(b) prohibits double crediting"). Consequently, we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[1] During this appeal, Viprino was relocated to a Residential Reentry Management facility in New York City. A transfer of custody typically requires a substitution of the named respondent. Cf. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

[2] Viprino does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).