**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1892
_____

JACK FERRANTI,
                                    Appellant

v.

WARDEN ALLENWOOD LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00372)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 23, 2023
Before:  JORDAN, GREENAWAY,[*] and NYGAARD, Circuit Judges

(Opinion filed June 30, 2023)
_____

OPINION[**]
_____

---

[*] The Honorable Joseph A. Greenaway, Jr. participated in the decision in this case.  Judge Greenaway, Jr. retired from the Court on June 15, 2023, after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jack Ferranti appeals the District Court's orders denying his petition for habeas relief under 28 U.S.C. § 2241 and his motion to reconsider. We will affirm the judgment of the District Court.

Ferranti was convicted in the United States District Court for the Eastern District of New York of arson homicide, arson conspiracy, 16 counts of mail fraud, and witness tampering, based on an insurance-fraud scheme. Ferranti was responsible for causing a fire at his business that resulted in the death of a firefighter. The trial judge sentenced him to 435 months' imprisonment. See United States v. Ferranti, 928 F. Supp. 206, 213-16 (E.D.N.Y. 1996). His conviction and sentence were affirmed on appeal. See United States v. Tocco, 135 F.3d 116 (2d Cir. 1998). Ferranti's post-conviction efforts have been unsuccessful. With good time credits, the Bureau of Prisons (BOP) expects he will be released from prison in April 2026.

While incarcerated at LSCI-Allenwood in 2019,[1] Ferranti applied to participate in the Elderly Offender Home Detention Program (EOHDP), a pilot program expanded as part of the First Step Act, for prisoners deemed eligible under criteria provided in 34 U.S.C. § 60541(g)(5)(A). The warden denied the application because the statute prohibits participation by inmates whom the BOP has determined in its discretion to have a history of violence, see § 60541(g)(5)(A)(iv). See Memorandum and Exhibits to § 2241 petition (ECF No. 2) at 18 (containing warden's decision which explained that

2

Ferranti "ha[d] an identified history of violence"). When Ferranti appealed, the regional director found him ineligible under a different subsection, § 60541(g)(5)(A)(ii), because he was "convicted of a crime of violence," specifically, "Conspiracy to Commit Arson, Arson Resulting in Death, Mail Fraud, and Tampering with a Witness." Id. at 21. The administrator of the regional appeals agreed with the warden's and regional director's decisions and denied the appeal. Id. at 24.

In 2020, Ferranti filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District for Pennsylvania. He argued that he met the criteria for the elderly home confinement program, and he asked for the District Court to order the BOP to process his application and place him in the program. In October 2021, the District Court dismissed the petition without prejudice for lack of jurisdiction. D. Ct. Mem. (ECF No. 20) at 3-4. Alternatively, the District Court ruled that Ferranti, convicted of arson resulting in death in violation of 18 U.S.C. § 844(i), could not participate in the program where § 844(i) was listed in a referenced statute as a disqualifying offense. See id. at 6 (citing 18 U.S.C. § 2332b(g)(5)(B)(ii); 34 U.S.C. § 60541(g)(5)(A)(ii)). The District Court denied Ferranti's timely motion for reconsideration. Ferranti filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the denial of a § 2241 petition. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per

[1] Ferranti has since been moved to FCI Ashland in Kentucky.

3

curiam).  We may affirm on any basis supported in the record.  See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

First, as the District Court explained, federal courts do not have the authority to grant the relief that Ferranti requests here: to order his placement in the EOHDP.  The executive branch, not the courts, have control over an inmate's placement.  See 18 U.S.C. § 3621(b) (providing that the BOP has the discretion and the exclusive authority to designate a prisoner's place of confinement); Tapia v. United States, 564 U.S. 319, 331 (2011) (subject to statutory constraints, the BOP has "plenary control" over the placement and programing of a prisoner).  Regarding the EOHDP in particular, Congress specified that "[t]he *Attorney General* shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from the Bureau of Prisons facilities to home detention," see 34 U.S.C. § 60541(g)(1)(A) (emphasis added).  Further, as to placement of eligible inmates, "the *Attorney General* may release some or all eligible elderly offenders from Bureau of Prisons facilities to home detention," see id. § 60541(g)(1)(B) (emphasis added).  Thus, the Court could not provide what Ferranti sought here.

Moreover, even if the ability to challenge the BOP's actions were available through habeas,[2] Ferranti did not establish that he qualified for the program under 34 U.S.C. § 60541(g)(5)(A).  The statute disqualifies those whom "the Bureau of Prisons, on

---

[2] As the District Court explained, to the extent that Ferranti's motion could be construed as a motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), the Court lacked

4

the basis of information the Bureau uses to make custody classifications, and *in the sole discretion of the Bureau*, [determines] to have a history of violence." Id. § 60541(g)(5)(A)(iv) (emphasis added). In his appeal from the warden's decision, Ferranti acknowledged that his background includes convictions for conspiracy to commit arson resulting in death, mail fraud, tampering with a witness, and possession of a firearm by a convicted felon, as well as disciplinary infractions while incarcerated that include assault and threatening bodily harm. ECF No. 2 at 19. He argued that none of these met the criteria under 18 U.S.C. § 16(a) or (b) as a crime of violence. Id. But whether an offense qualifies as a crime of violence under § 16 is only relevant to § 60541(g)(5)(A)(ii). Under § 60541(g)(5)(A)(iv), the subsection applicable here, the standard is merely whether the BOP determined "on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau" that he has "a history of violence." Further, even if he did qualify, the BOP would not be required to place him in the EOHDP because, again, the statute leaves placement as a matter of discretion for the BOP. See § 60541(g)(1)(b) (providing that the Attorney General "may release some or all" eligible offenders to participate in the program). In any event, the BOP did not err by concluding that Ferranti's history of violence—comprised of the underlying conduct for his convictions as well as disciplinary infractions in prison—disqualified him from participating in the EOHDP.

---

jurisdiction because such a motion must be filed in the sentencing court in New York.

For the foregoing reasons, we will affirm the District Court's orders denying relief.