**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2048
_____

YAKOV PISMAN,
                            Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-23-cv-00186)
Senior District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2023

Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 11, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Yakov Pisman, a federal inmate proceeding pro se, appeals from the District Court's order denying his petition for a writ of habeas corpus and motion for reconsideration. We will summarily affirm.

In February 2023, Pisman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") did not properly apply his earned First Step Act time credits to his release date of October 9, 2024. Dkt. No. 1; see 18 U.S.C. § 3632(d)(4). Later that month, the BOP applied those credits and changed his release date to October 10, 2023. Dkt. No. 18-1 at 8. The District Court dismissed Pisman's petition as moot, Dkt. No. 10, and Pisman filed a notice of appeal and a motion for reconsideration pursuant to Rule 59(e), Dkt. Nos. 13 & 14. Pisman argued that he was deprived of a liberty interest, because he was entitled to use his earned credits for immediate release to a residential re-entry program or home confinement. Dkt. No. 12 at 3-4. The District Court vacated its dismissal to consider Pisman's argument, then denied his petition and motion for reconsideration. Dkt. Nos. 19 & 20. Pisman filed an amended notice of appeal. Dkt. No. 22.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's denial of Pisman's habeas petition de novo, Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011), and its denial of his Rule 59(e) motion for abuse of discretion, Santini v. Fuentes,

_____

[1] Because Pisman is a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

795 F.3d 410, 416 (3d Cir. 2015). We may summarily affirm if no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court correctly denied Pisman's petition because the BOP properly applied his First Step Act time credits—365 days—to his sentence and altered his projected release date accordingly. See Dkt. No. 18-1 at 4 & 8. Contrary to his argument, Pisman, a foreign citizen assigned a "deportable alien" public safety factor on whom Immigration and Customs Enforcement has a detainer, is ineligible to use earned time credits for immediate release to residential re-entry programs or home confinement, pursuant to BOP regulations. See BOP Program Statement 7310.04(10)(b), (j); Dkt. No. 18-1 at 4-5, 14, 17 (noting that Pisman will be released to the custody of ICE). Pre-release placement decisions are committed to the BOP's sole discretion. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)).

We discern no abuse of discretion in the District Court's denial of Pisman's motion for reconsideration because he did not present a basis for it. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For these reasons, we will affirm the District Court's judgment.