**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1416
_____

ANTHONY WILLIAMS,
                                Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00789)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: May 14, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Anthony Williams appeals from the District Court's order denying his petition

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for a writ of habeas corpus under 28 U.S.C. § 2241.  We will affirm.

Williams was the organizer of a broad conspiracy to acquire and misuse the personal identification and banking information of dozens of victims.  In December 2012, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Williams was convicted of conspiracy, access device fraud, identity theft, and bank fraud.  In April 2013, the District Court sentenced him to an aggregate term of 259 months' imprisonment.[1]  At that time, he was serving a ten-year New Jersey sentence.  The District Court's sentencing order did not state whether the federal sentence was concurrent with or consecutive to the state sentence.  Williams was discharged from New Jersey custody in September 2017 and began to serve his federal sentence.

In August 2020, Williams asked the Bureau of Prisons (BOP) to treat his federal sentence as concurrent to the state term.  He asserted that, under Section 5G1.3(b) of the United States Sentencing Guidelines, the sentencing court was required to run his state and federal sentences concurrently, and that the BOP could consider this error when calculating his sentence.[2]  The BOP denied him relief at the prison, regional, and national levels.

---

[1] We affirmed.  *United States v. Williams*, 591 F. App'x 78, 81 (3d Cir. 2014) (not precedential).  Williams subsequently filed a motion to vacate under 28 U.S.C. § 2255, but the District Court denied relief, E.D. Pa. Crim. No. 11-cv-00223 (order entered Jan. 30, 2019), and we denied Williams a certificate of appealability, C.A. No. 19-2364 (order entered Dec. 3, 2019).

[2] Section 5G1.3(b) requires the sentencing court to impose a concurrent sentence when an undischarged prison term is based on "relevant conduct" in the federal case.

After these efforts failed, Williams filed a § 2241 petition in the District Court challenging the BOP's decisions.[3] The District Court denied the petition, and Williams appealed.[4]

On appeal, Williams continues to argue that, at sentencing, the District Court erred by not applying U.S.S.G. § 5G1.3(b), and that the BOP should take that error into account when calculating his sentence. As the District Court correctly concluded, however, Williams's Guidelines challenge is not cognizable under § 2241. Section 2241 permits a challenge only to the BOP's execution of Williams's sentence; it does not permit a challenge to the sentence itself. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To the extent that Williams alleges errors at sentencing, his remedy, if any, lies in 28 U.S.C. § 2255.

Moreover, we have reviewed the record and conclude that the BOP accurately calculated Williams's sentence. His sentence commenced on September 7, 2017, when was discharged from New Jersey custody. Because the sentencing court did not order the federal sentence to run concurrently with the state sentence, the BOP was required to

---

[3] Williams filed the petition in the United States District Court for the Northern District of West Virginia, where he was incarcerated. The District Court determined that the petition should instead be handled by his sentencing court and transferred it to the United States District Court for the Eastern District of Pennsylvania.

[4] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and our review is plenary. *See Cordaro v. United States*, 933 F.3d 232, 241 (3d Cir. 2019).

treat the federal sentence as running consecutive to the state sentence. *See* 18 U.S.C.

§ 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively

unless the court orders that the terms are to run concurrently."). And, because the time

Williams spent in New Jersey custody had been credited toward his state sentence, the

BOP was not permitted to credit it toward his federal sentence.[5] *See* 18 U.S.C.

§ 3585(b); *see also Blood v. Bledsoe*, 648 F.3d 203, 209 (3d Cir. 2011) (per curiam)

(recognizing that "§ 3585(b) prohibits double crediting").

For these reasons, we will affirm the judgment of the District Court.[6] The

Government's motion to supplement the appendix is granted.

---

[5] The BOP properly gave Williams prior custody credit for forty-two days he spent in local custody that had not been credited toward his state sentence.

[6] In his § 2241 petition, Williams also asserted that the BOP had erred in denying his request to designate, *nunc pro tunc*, the New Jersey prison as his place of confinement for part of his federal sentence. We directed the BOP to provide the administrative record so that we could consider this claim. We also directed the parties to address the claim in their opening briefs. Williams did not do so. Although he eventually addressed it in his reply, we deem the claim forfeited. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).